UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RIGOBERTO RESENDEZ,            )<br>          Plaintiff,            )<br>                                )<br>    v.                          )<br>                                )<br>MARTIN O'MALLEY, Commissioner   )<br>of the Social Security Administration, )<br>          Defendant.           )  | CAUSE NO.: 2:22-CV-366-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Rigoberto Resendez on November 3, 2022, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 15], filed May 3, 2023. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On August 9, 2023, the Commissioner filed a response, and Plaintiff filed a reply on August 23, 2023. For the following reasons, the Court remands the Commissioner's decision.

**I.    Background**

On June 19, 2020, Plaintiff filed an application for benefits alleging that he became disabled on March 23, 2020, later amended to May 28, 2020. Plaintiff's application was denied initially and upon consideration. On March 4, 2022, Administrative Law Judge ("ALJ") Marc Jones held a telephonic hearing at which Plaintiff, along with an attorney, and a vocational expert ("VE"), testified. On March 15, 2022, the ALJ issued a decision finding that Plaintiff was not disabled.

1

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

2. The claimant has not engaged in substantial gainful activity since May 28, 2020, the alleged onset date.

3. The claimant has the following severe impairments: major joint dysfunction of the right thumb, obesity, and tachycardia.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform light work except that with the dominant right hand, the claimant cannot use air or power tools and he cannot lift more than five pounds. He can frequently climb ramps and stairs as well as frequently stoop, kneel, crouch, and crawl. He can occasionally climb ladders, ropes, or scaffolds and occasionally work at unprotected heights. He must avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants.

6. The claimant is unable to perform any relevant past work.

7. The claimant was a younger individual age 18-49 on alleged disability onset date.

8. The claimant has a limited education.

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 28, 2020, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 24]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law,"

the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2014). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**III.   Analysis**

Plaintiff argues that the ALJ erred in his evaluation of subjective symptom reports and medical opinion evidence and determination of his RFC. The Commissioner argues that the opinion is supported by substantial evidence.

In particular, Plaintiff argues that the ALJ's RFC assessment is insufficient because it failed to include handling limitations. The ALJ found the opinions of Plaintiff's hand surgeon to be "persuasive," as "generally consistent with and supported by [his] physical examinations of the claimant," AR 24, and adopted into the RFC the surgeon's limitations as to Plaintiff's inability to use air or power tools or to lift more than five pounds with his right hand. The surgeon also noted that he could not fully extend the joint in his thumb, AR 839, and that Plaintiff's "strength and

4

prognosis is poor. His numbness may never return to normal." AR 842. However, the ALJ did not mention Plaintiff's numbness or weakness, or incorporate any limitations related to numbness or grip weakness into the RFC, without explanation. The Commissioner argues that the ALJ concluded that Plaintiff's numbness and weakness were symptoms, not limitations, but that explanation appears nowhere in the ALJ's opinion, nor does the ALJ explain that the weakness and numbness are taken into account by other restrictions in the RFC. In addition, the record is full of other indications of Plaintiff's dominant hand weakness, including a December 2020 consultive examination reflecting that Plaintiff could not make a fist with his right hand, was far weaker in his right hand than his left, and had limited dexterity in his right hand, AR 765-55, examination results the ALJ found "somewhat persuasive." AR 23. The Court cannot trace the logic from the ALJ's conclusions about the weight given to the reports about Plaintiff's hand strength and dexterity to the RFC.

In sum, by omitting any analysis of the treating surgeon's opinions pertaining to Plaintiff's poor hand strength, poor prognosis, and continuing numbness, the ALJ failed to build an accurate logical bridge between the cited evidence and his conclusion that a further handling limitation in the RFC was not warranted. *See Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014); *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) (ALJ may not "selectively consider medical reports, especially those of treating physicians," and "[i]t is not enough for the ALJ to address mere portions of a doctor's report").

In addition, as the Seventh Circuit Court of Appeals has noted, "gripping is a form of handling[] and is an essential manipulative activity in a great many jobs" and "[s]ignificant limitations of reaching or handling, therefore, may eliminate a large number of occupations a

person could otherwise do.'" *Herrmann v. Colvin*, 772 F.3d 1110, 1112 (7th Cir. 2014) (quoting SSR 85-15, 1985 WL 56857 (Jan. 1, 1985)). Indeed, the vocational expert in this case testified that an individual who had handling limitations in their dominant hand would preclude one of the two jobs he identified as suitable for someone with Plaintiff's RFC, leaving only approximately 5,000 jobs available in the national economy as an usher. AR 51–53. It appears that any additional handling limitation will leave the Commissioner unable to meet the burden at step five of establishing that there are a significant number of jobs in the national economy that Plaintiff can perform. *See, e.g., Gass v. Kijakazi*, 2021 WL 5446734, at *8 (N.D. Ind. Nov. 22, 2021) (noting several courts "have found that a number of jobs close to 24,000 was not a significant number in the national economy") (collecting cases).

This case is being remanded for a new determination of Plaintiff's RFC, with adequate explanation of how the RFC incorporates all of his physical limitations, particularly with respect to handling, numbness, and grip strength. On remand, the ALJ is directed to consider all the medical evidence and opinions in the record. The ALJ should fully consider each of Plaintiff's alleged impairments, alone and in combination, and provide a logical bridge from the evidence to the conclusion. The ALJ is also reminded that, when determining a claimant's subjective symptoms, the ALJ must consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. See 20 C.F.R. § 404.1529(a); SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304 (Oct. 25, 2017).

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 19] and

**REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 8th day of March, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:  All counsel of record